**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

APR 17 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| SAREANG YE, | No. 21-183 |
| Petitioner, | Agency No. A025-315-317 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 30, 2023[**]
San Francisco, California

Before: M. SMITH and OWENS, Circuit Judges, and RODRIGUEZ, District Judge.[***]

Sareang Ye petitions this court to review a decision by the Board of Immigration Appeals (BIA) in which the BIA declined to exercise its own authority to *sua sponte* reopen and dismissed Ye's appeal from a decision of an

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Xavier Rodriguez, United States District Judge for the Western District of Texas, sitting by designation.

Immigration Judge (IJ) also declining to *sua sponte* reopen. Since the parties are familiar with the facts, we do not recount them except as needed to provide context. "Where, as here, the Board incorporates the IJ's decision into its own without citing *Matter of Burbano,* 20 I. & N. Dec. 872 (BIA 1994), this court will review the IJ's decision to the extent incorporated." *Medina-Lara v. Holder*, 771 F.3d 1106, 1111 (9th Cir. 2014). We grant the petition for review and remand to the BIA for further proceedings consistent with this decision.

1.    We have jurisdiction to consider Ye's argument that the BIA committed legal error when it denied *sua sponte* reopening based solely on its determination that *Descamps v. United States*, 570 U.S. 254 (2013) is not a "fundamental change in law."

We generally lack jurisdiction to review the BIA's ultimate conclusion that a movant failed to establish "exceptional circumstances" warranting *sua sponte* reopening. *Ekimian v. INS.*, 303 F.3d 1153, 1156–59 (9th Cir. 2002). However, we retain jurisdiction where the BIA, in denying reopening, "relied on an incorrect legal premise" that provides "a sufficiently meaningful standard against which" to conduct judicial review. *Bonilla v. Lynch*, 840 F.3d 575, 586–89 (9th Cir. 2016) (quoting *Ekimian*, 303 F.3d at 1159). The BIA's reliance on the "incorrect legal premise" must be "apparent on the face of the BIA's decision." *Lona v. Barr*, 958 F.3d 1225, 1233–34 (9th Cir. 2020).

Here, the BIA articulated only one reason for denying relief: "Because *Descamps v. United States* 'represents at most an incremental development in the

law,' . . . we conclude that the Supreme Court's decision is not grounds for sua sponte reopening in the respondent's case" (citation omitted). While the IJ articulated three alternative reasons for denying relief (the agency's interest in finality, a controlled-substances conviction unaffected by *Descamps*, and Ye's immigration and criminal history), the BIA did not incorporate those reasons into its decision. The BIA mentioned the controlled-substance conviction and Ye's showing on appeal that it had been vacated on state-law grounds, but the BIA declined to decide whether the since-vacated conviction was an independent basis on which to deny *sua sponte* reopening. Moreover, the BIA never referenced, let alone incorporated, the IJ's finality and criminal/immigration-history reasons. Therefore, we are presented with the rare instance in which the BIA's no-fundamental-change determination is its sole basis for denying reopening.[1]

Whether a change in law is fundamental is a "legal premise" that provides "a sufficiently meaningful standard against which" to conduct judicial review. *Bonilla*, 840 F.3d at 586. Courts are well-positioned to conduct change-in-law inquiries and do so across a variety of legal contexts. *See, e.g.*, *Bynoe v. Baca*, 966 F.3d 972, 982–83 (9th Cir. 2020) (determining whether an intervening case constituted a "clear and authoritative change in law" for purposes of Federal Rule

---

[1] In his opening brief, Ye argued that the BIA articulated only this one reason for denying relief. The government, however, failed to substantively respond to this argument in its answering brief and instead simply asserted—without citing any specific portion of the BIA's decision—that the BIA incorporated the IJ's alternative reasons for denying reopening.

3                                                                  21-183

of Civil Procedure 60(b)(6)'s "extraordinary-circumstances requirement"). Moreover, we regularly review the BIA's denials of motions to reopen based on purported material changes in country conditions—a factual analog to the review Ye requests here. *See* 8 U.S.C. § 1229a(c)(7)(C)(ii). Because the BIA's fundamental-change determination was its only articulated reason for denial, any error in that "legal premise" would necessarily taint its ultimate denial of *sua sponte* reopening. Therefore, we have jurisdiction to review Ye's argument that the BIA erred as a matter of law in determining that *Descamps* is not a fundamental change in law.[2]

2.      The government, however, waived any defense of the BIA's fundamental-change determination by failing to address the merits of Ye's argument in its answering brief. *See United States v. McEnry*, 659 F.3d 893, 902 (9th Cir. 2011) (holding that the government waived an argument it failed to raise in its answering brief). Due to this waiver, the BIA's fundamental-change determination is insufficient to support its denial of *sua sponte* reopening. We therefore "vacate and remand to the Board to exercise its discretion against the correct legal framework." *Bonilla*, 840 F.3d at 592. On remand, the BIA should

---

[2] The government argues that *Lona* precludes jurisdiction over this case. But *Lona* simply held that "we need not decide whether [an intervening case] fundamentally changed the law" because the BIA's decision rested *only* on discretionary, value-laden reasons for denying relief. 958 F.3d at 1233–34. In *Lona*, the BIA had not made a fundamental-change determination. *See id.* (the BIA "acknowledged" the movant's fundamental-change argument and "then noted three factors weighing against" reopening).

consider, without any reliance on the waived fundamental-change determination, whether Ye merits *sua sponte* reopening.

The petition for review is **GRANTED**; **REMANDED**.